```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - X
                                           :    **ECF CASE**
RHODA FITZGIBBONS,                         :
                                           :    04 Civ. 1266 (WCC)
              Plaintiff,                   :
                                           :
       - against -                         :    **OPINION**
                                           :    **AND ORDER**
PUTNAM DENTAL ASSOCIATES, P.C.,            :
                                           :
              Defendant.                   :
- - - - - - - - - - - - - - - - - - - - - X
```

**A P P E A R A N C E S :**

        LAW OFFICES OF LEE A. COHN, P.A.
        **Attorneys for Plaintiff**
        600 South Andrews Avenue
        Fort Lauderdale, Florida 33301

LEE A. COHN, ESQ.

    Of Counsel


        MEISELMAN, DENLEA, PACKMAN,
          CARTON & EBERZ, P.C.
        **Attorneys for Defendant**
        1311 Mamaroneck Avenue
        White Plains, New York 10605

DAVID S. DOUGLAS, ESQ.

    Of Counsel

**CONNER, Senior D.J.:**

Plaintiff Rhoda Fitzgibbons brings the instant action against defendant Putnam Dental Associates, P.C. ("Putnam Dental"), pursuant to Title VII of the Federal Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"). Plaintiff alleges that she was subjected to a hostile work environment and was discriminatorily terminated from her employment at Putnam Dental as a full-time receptionist and appointment coordinator. Defendant moved for dismissal pursuant to FED. R. CIV. P. 12(b)(1) and 12(b)(6) on several asserted grounds, one of which was that Putnam Dental employed less than fifteen employees during the period relevant to this action, and is therefore not covered by Title VII. In an Opinion and Order dated November 22, 2004, we declined to consider defendant's motion to dismiss on the basis that Putnam Dental was not a covered employer subject to Title VII and, instead, converted the motion to dismiss into a motion for summary judgment to be resolved by this Court after the parties had been given the opportunity to submit additional evidence and supplemental briefs. Plaintiff, however, did not file either additional evidence or a further brief. For the reasons stated hereinafter, defendant's motion for summary judgment is granted.

## BACKGROUND

Plaintiff was employed as a receptionist and appointment coordinator by Putnam Dental, a small dental practice located in Brewster, New York, from July 19, 1999 until March 9, 2003. (Complt. ¶ 7.) In her Complaint, plaintiff alleges that Putnam Dental has continuously employed at least fifteen employees for purposes of Title VII. (*Id.* ¶ 15.) However, defendant maintains that at no time relevant to this action did it employ more than fourteen employees. (Def. Mem. Supp.

1

Summ. J. at 1.)

Plaintiff alleges that from approximately July 1999 until the time of her termination from employment at Putnam Dental, she was sexually harassed by her supervisor, Carl Ern, "including but not limited to forcing Ms. Fitzgibbons to perform oral sex to his person, despite the fact that Ms. Fitzgibbons expressed to him that such conduct was unwelcome." (Complt. ¶ 12.) Plaintiff asserts claims of sexual harassment under Title VII and intentional infliction of emotional distress. She alleges that her supervisor's actions created a hostile work environment and that she was discriminatorily terminated from her employment as a result. (*Id*. ¶¶ 18, 19.)

Plaintiff alleges that Putnam Dental was aware or should have been aware of this harassment because she made numerous complaints to defendant through its agents, servants and/or employees. (*Id*. ¶¶ 13, 14.) In addition, plaintiff alleges that defendant, in direct violation of Title VII, refused to take any corrective action to end the hostile environment and did not establish or adhere to an effective policy against sex discrimination and harassment. (*Id*. ¶¶ 20, 21, 22.) As a direct result of these violations, Fitzgibbons alleges that she has "suffered both pecuniary and non-pecuniary damages in the form of past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of work and humiliation." (*Id*. ¶ 24.) With respect to her claim of intentional infliction of emotional distress, plaintiff alleges that further injuries were proximately caused by defendant's intentional and malicious actions including "personal injury, medical expense, pain and suffering, lost wages, out-of-pocket expenses, for humiliation, indignity and injury to feelings, damages for emotional and/or physical harm . . . ." (*Id*. ¶ 29.) Plaintiff seeks, *inter alia*, compensatory and punitive damages, a permanent injunction enjoining defendant from engaging in employment practices that discriminate on the basis of sex and requiring defendant to carry out

policies, practices and programs to provide equal employment opportunities. (*Id.* ¶¶ 25, 29.)

## DISCUSSION

**I.     Summary Judgment Standard**

Under FED. R. CIV. P. 56, summary judgment may be granted where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby*, 477 U.S. 242, 247-50 (1986). A fact is material only if, based on that fact, a reasonable jury could find in favor of the non-moving party. *Anderson*, 477 U.S. at 248. The burden rests on the movant to demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In deciding whether summary judgment is appropriate, the court resolves all ambiguities and draws all permissible factual inferences against the movant. *See Anderson*, 477 U.S. at 255. To defeat summary judgment, the nonmovant must go beyond the pleadings and "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The court's role at this stage of the litigation is not to decide issues of material fact, but to discern whether any exist. *See Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1224 (2d Cir. 1994).

**II.    Applicability of Title VII**

**A.    Fifteen Employee Threshold**

Title VII prohibits employers from discriminating against any individual "with respect to his compensation, terms, conditions or privileges of employment, because of such individual's race,

color, religion, sex or national origin." 42 U.S.C. § 2000e-2(a)(1). For purposes of Title VII, the term "employer" means "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year, and any agent of such person." 42 U.S.C. § 2000e(b). In the present case, Putnam Dental moves for summary judgment on the basis that Title VII applies only to businesses with a minimum of fifteen employees and alleges that, at all periods relevant to this action, Putnam Dental employed no more than fourteen employees. Defendant thus seeks dismissal of plaintiff's action on the ground that Putnam Dental is not a covered employer subject to Tile VII, the sole basis for this Court's jurisdiction. (Def. Mem. Supp. Summ. J. at 3.)

A Title VII defendant may seek summary judgment on the threshold issue of the number of employees required for Title VII applicability where undisputed facts can be presented to defeat coverage. *Da Silva v. Kinsho Int'l Corp.*, 229 F.3d 358, 366 (2d Cir. 2000). In support of defendant's assertion that it did not employ the required fifteen employee threshold at any period relevant to this action, defendant states that, although for federal income tax purposes Putnam Dental had fifteen employees in 2002 and sixteen employees in 2003, several of those individuals do not constitute "employees" under Title VII. (Def. Mem. Supp. Summ. J. at 3-4.) Specifically, defendant contends that Dr. Carl Ern, Betsy Ern, Andrew Ern and Dr. Vincent Cafarelli are not "employees" for Title VII purposes.

### 1. <u>Dr. Carl Ern</u>

Defendant contends that Dr. Ern was not an employee of Putnam Dental at any time because he is the sole shareholder of Putnam Dental, a professional corporation. (*Id*. at 4.) In *Clackamas*

*Gastroenterology Assocs., P.C. v. Wells*, the Supreme Court held that "the common-law element of control is the principal guidepost that should be followed" in determining whether a shareholder of a professional corporation is an "employee" within the meaning of anti-discrimination statutes such as Title VII. 538 U.S. 440, 448 (2003). The Court explained that the focus of such an inquiry is "whether the individual acts independently and participates in managing the organization, or whether the individual is subject to the organization's control." *Id*. at 449. Consequently, where an individual is a shareholder of a professional corporation and has "control" over the corporation, that individual is not an employee for Title VII purposes. *See, e.g., id.* at 448 (holding that physicians actively engaged in medical practice as shareholders and directors of professional corporation should not be counted as "employees" where they control the operation of their clinic, share profits and are personally liable for malpractice claims, but remanded case to lower court for further proceedings consistent with test laid out in opinion to determine whether shareholder was an "employee"); *Rodal v. Anesthesia Group of Onondaga, P.C.,* 369 F.3d 113, 123 (2d Cir. 2004) (recognizing that *Clackamas* set forth the proper standard for determining whether shareholders in a professional corporation are employees under anti-discrimination statutes); *Drescher v. Shatkin,* 280 F.3d 201, 204 (2d Cir. 2002) (holding president, sole director and sole shareholder of corporation, who dominates affairs of business to such an extent as to control "the very actions they would be complaining" about, was not an "employee" for purposes of determining Title VII applicability).

In determining whether Dr. Ern is an "employee" for Title VII analysis, we must consider the six factors set forth in *Clackamas*: (1) "whether the organization can hire or fire the individual or set the rules and regulations of the individual's work;" (2) "whether and, if so, to what extent the organization supervises the individual's work;" (3) "whether the individual reports to someone

higher in the organization;" (4) "whether and, if so, to what extent the individual is able to influence the organization;" (5) "whether the parties intended that the individual be an employee, as expressed in written agreements or contracts;" and (6) "whether the individual shares in the profits, losses, and liabilities of the organization." 538 U.S. at 450-51 (quoting EEOC Compliance Manual § 605:0009). However, the Court noted that "these six factors need not necessarily be treated as 'exhaustive'" and "[t]he answer to whether a shareholder-director is an employee or an employer cannot be decided in every case by a 'shorthand formula or magic phrase.'" *Id*. at 450 n.10 (quotations and citations omitted).

In the case at bar, it is clear that Dr. Ern is not an "employee" within the meaning of Title VII. Dr. Ern is the sole shareholder of Putnam Dental and, as a result, has complete control over decisions concerning Putnam Dental. (Def. Mem. Supp. Summ. J. at 6.) No one has the right to fire Dr. Ern or set rules or regulations pertaining to his work. (*Id*.) In fact, "Dr. Ern determines for himself his role, duties, and responsibilities at Putnam Dental." (*Id*.) Dr. Ern supervises his own work, and he does not report to anyone at Putnam Dental. (*Id*.) Dr. Ern has not entered into any employment contract with Putnam Dental. (*Id*.) In addition, Dr. Ern shares in profits, losses and liabilities of Putnam Dental and his "financial success depends on the profitability of Putnam Dental." (*Id*.) Clearly, Dr. Ern is not an "employee" within the meaning of Title VII.

### 2. Betsy Ern, Andrew Ern and Dr. Vincent Cafarelli

Defendant maintains that even though Betsy Ern, Andrew Ern and Dr. Vincent Cafarelli are included as "employees" for federal income tax purposes, they are not "employees" within the meaning of Title VII. The definition of the term "employee" provided in Title VII is not helpful in

6

determining whether these individuals are in fact "employees" for Title VII analysis because the Act states only that an "employee" is an "individual employed by an employer." 42 U.S.C. § 2000e(f); *see also O'Connor v. Davis*, 126 F.3d 112, 115 (2d Cir. 1997). "However, it is well established that when Congress uses the term 'employee' without defining it with precision, courts should presume that Congress had in mind 'the conventional master-servant relationship as understood by the common-law agency doctrine.'" *O'Connor*, 126 F.3d at 115 (quotations and citations omitted). The Supreme Court has instructed that, in determining whether an individual is an "employee" for Title VII purposes, "the ultimate touchstone under § 2000e(b) is whether an employer has employment relationships with fifteen or more individuals for each working day in twenty or more weeks during the year in question." *Walters v. Metro. Educ. Enter., Inc.*, 519 U.S. 202, 211-12 (1997). Thus, courts have concluded that an employment relationship should be "determined primarily by looking to those individuals on the employer's payroll, commonly referred to as the 'payroll method.'" *DeWitt v. Lieberman*, 48 F. Supp. 2d 280, 292 (S.D.N.Y. 1999) (citing *Walters*, 519 U.S. at 209-10).

Turning to the employment status of the individuals that defendant contends are not "employees" within the Title VII framework, specifically Betsy Ern, Andrew Ern and Dr. Vincent Cafarelli, plaintiff does not offer any evidence to support her claim that these individuals should be included as employees in the determination of whether the fifteen employee threshold has been met. In particular, plaintiff has provided no evidence that defendant did in fact have fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year as required by 42 U.S.C. § 2000e(b). For instance, one of the employees that plaintiff may have included in alleging that the requisite fifteen employee threshold is met is Betsy Ern. However, according to defendant, Betsy Ern "performs only sporadic services for Putnam Dental,

and <u>does not even appear on Putnam Dental's regular payroll</u>." (Def. Mem. Supp. Summ. J. at 6-7 (emphasis in original).) Furthermore, defendant contends that "[a]t no time during 2002 or 2003 did she perform services on each working day of any given week, and the services that she did perform were undertaken at limited, discrete times over the scattered course of a few days, comprising far less than the twenty calendar week criterion." (Ern Aff. ¶ 8.)[1] Similarly, defendant maintains that Andrew Ern also "performed only a few discrete tasks for Putnam Dental during discrete blocks of time, never working a full week and working far less than twenty weeks during that year." (*Id.* ¶ 9.) In addition, defendant asserts that Dr. Cafarelli "never worked for Putnam Dental on each working day (Putnam Dental is open four days a week). Rather, he has always worked at most only three days a week, and does not receive a salary, only a commission based on work actually performed." (*Id.* ¶ 10.)

Notably, plaintiff does not contest or offer any evidence to oppose defendant's assertion that Betsy Ern, Andrew Ern and Dr. Vincent Cafarelli did not work "each working day in each of twenty or more calendar weeks in the current or preceding year" as required for an employee to be included in the determination of whether the fifteen-employee threshold has been met.[2] Under FED. R. CIV. P. 56, the non-moving party must present to the court "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Consequently, even if we draw all reasonable inferences in plaintiff's favor, we find that plaintiff has failed to demonstrate that a factual dispute exists with

---

[1] In addition, defendant maintains that its contention "[t]hat Betsy is not viewed as a regular 'employee' of Putnam Dental is confirmed by the fact that she is not even included as an employee on the Employee Earnings Summary." (*Id.*)

[2] In fact, plaintiff did not submit any materials in opposition to defendant's motion for summary judgment, despite being given the opportunity to do so after we converted defendant's motion to dismiss into a motion for summary judgment.

8

regard to whether defendant employed the requisite fifteen or more employees necessary for it to be subject to Title VII. *Hosler v. Greene*, 5 F. Supp. 2d 99, 102 (N.D.N.Y. 1998) (internal citations omitted).

Dr. Ern, Betsy Ern, Andrew Ern and Dr. Vincent Cafarelli are not "employees" as the term is contemplated by Title VII; thus, Putnam Dental does not employ the required threshold number of fifteen employees necessary for the application of Title VII. Accordingly, defendant's summary judgment motion with respect to plaintiff's Title VII claims is granted, and plaintiff's Title VII claim against Putnam Dental is dismissed.

### III.    State Law Claims

A district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). When determining whether to exercise supplemental jurisdiction, a district court has "considerable discretion over what state law claims it will include within its supplemental jurisdiction in a particular case." *Yaba v. Cadwalader, Wickersham & Taft*, 931 F. Supp. 271, 275 (S.D.N.Y. 1996) (quoting *Cushing v. Moore*, 970 F.2d 1103, 1110 (2d Cir. 1992)). Accordingly, as all federal claims have been dismissed, we exercise our discretion and dismiss plaintiff's remaining state law claims without prejudice.

## CONCLUSION

For all of the foregoing reasons, defendant Putnam Dental, P.C.'s motion for summary judgment is granted, and we decline to exercise supplemental jurisdiction with respect to plaintiff Rhoda Fitzgibbon's state law claims. The action is dismissed with prejudice as to the Title VII claims, without prejudice as to the state law claims, and without costs.

SO ORDERED.

Dated: White Plains, New York
May 11, 2005

*William C. Conner*
Sr. United States District Judge